## Bowman Realty Company v. Moss.

### (Decided February 23, 1912.)

### Appeal from Franklin Circuit Court.

1. Contracts—Advertising for Realty Company—Action to Recover for Services Rendered—Question of Fact—Evidence.—In an action to recover of a realty company for services rendered in advertising for the company, the issue was purely one of fact, and was properly submitted to the jury under instructions of which there is no complaint. Held, That the finding of the jury is not clearly and palpably against the weight of the evidence and is not subject to review.

2. Damages Not Excessive.—The sum at which the jury assessed the value of the services is not so large as to indicate that it was the result of passion or prejudice.

3. Evidence—Party Cannot Complain of Testimony Upon an Issue Raised by it.—A party cannot complain of testimony admitted upon an issue put into the record by it.

J. MORGAN CHINN, T. L. EDELEN for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

The appellee, Dulin Moss, a newspaper man of Frankfort, Kentucky, brought this action against the Bowman Realty Company, a real estate sales concern, for the preparation of certain advertising matter incident to a sale conducted by the Bowman Realty Company in September, 1909, of the properties of the Frankfort Realty Company. The Bowman Realty Company answered, denying that it ever engaged Moss to do the advertising work, or that it was to pay him therefor. It set up affirmatively that the work which Moss did was done under contract between him and the Frankfort Realty Company, and that the latter company had paid him for it. Upon the trial the jury returned a verdict of $400.00 in

favor of Moss; and the Bowman Realty Company appeals.

It appears that the Frankfort Realty Company was the owner of a plot of ground adjacent to the State Capitol building in Frankfort, which it desired to subdivide and sell. With that end in view, in the spring of 1909, it made a contract with Moss whereby he was to do certain advertising or "boosting" work for the company. In July, 1909, the Frankfort Realty Company made a contract with the Bowman Realty Company, which was engaged in conducting sales of this nature, whereby the latter company was to conduct the sale. After the latter company took charge of the sale, the subdividing, the advertising and the like, Moss continued to do the advertising work. It is Moss' theory, and upon the trial he so testified, that he made a separate contract with the Bowman Realty Company for his work. It is the theory of the Bowman Realty Company, and its representatives who were present in Frankfort giving the matter attention so testified, that Moss' work was done under his contract with the Frankfort Realty Company, and that the Bowman Realty Company made no contract with him of any nature whatsoever. It is conceded that the Frankfort Realty Company paid Moss the sum that it had agreed to pay him. The issue, therefore, upon this question was one purely of fact, the determination of which was properly submitted to the jury by instructions of which there is no complaint. The jury was properly entitled to find whether they would accept the testimony of Moss or the testimony of the representatives of the Bowman Realty Company. The testimony on both sides was clear and emphatic, and directly contradictory. The jury's finding, therefore, under the facts stated, is not clearly and palpably against the weight of the evidence and is not subject to review by us.

Complaint is made by the appellant company that the sum awarded to the plaintiff is excessive. The plaintiff introduced at least two witnesses, men who qualified themselves as experts upon the subject, who testified that the work was worth at least $500.00. The defendant company introduced testimony that the work was worth not exceeding $25.00 per week. Moss was engaged in the work, after the contract was made between the Frankfort Realty Company and the Bowman Realty Company, something over two months. Clearly, therefore, the sum at which the jury assessed the value of his

services, is not so large as to indicate that it was the result of passion or prejudice.

Complaint is also made by the appellant company of the rulings of the trial court upon the admission and rejection of testimony. It complains that the trial court permitted to go to the jury evidence of the profit or commissions made by it out of the sale. Of this, however, it has no right to complain; because, in its answer it plead, by way of arguing that it had made no engagement with Moss, that it only received and only was to receive a small per cent. of the amount realized at the sale, and that the amount received by it was almost entirely consumed by the expense necessarily incident to carrying out the sale. Issue was joined upon this allegation by the reply. The amount, therefore, earned by the appellant company was directly put in issue by it; and it cannot complain of testimony admitted upon an issue put in the record by it. It also complains that a receipt given by Moss to the Frankfort Realty Company, which in express terms states that it is for services rendered by him to the Frankfort Company and reserves the question of his compensation from the Bowman Company, was erroneously admitted, because it was a self-serving declaration upon the part of Moss. This complaint overlooks the fact that this receipt was put into the record by a witness, under direct request for it by the defendant. Certainly it cannot complain of testimony introduced by it. Complaint is also made because the trial court admitted in evidence the contract between the Bowman Realty Company and the Frankfort Realty Company. This complaint overlooks the fact that during the progress of the trial, when reference was first made to this contract, defendant's counsel said that there was no objection to its being brought in; and that subsequently, when the court permitted certain sections from the contract to be read, the defendant company called for and had read the whole of it.

Complaint is made that the trial judge referred to Mr. Bowman, a witness for the defendant company, as "somewhat of a booster." No exception was taken at the time to this remark by the court. As a matter of fact it was not prejudicial, because the immediate subject under consideration was the value of advertising "boosting." Mr. Bowman's familiarity with the prices for work of this nature was under consideration; and the court, ruling him competent, said: "He is entitled

to answer that question. He has shown that he is somewhat of a booster himself.'' When read in the light of what was before the court the remark of the court seems unobjectionable. Complaint is also made that when another Bowman was testifying the court had remarked that the witness was ''dry.'' There is no exception to this remark by the court. But it is proper to point out that the witness had been asked a number of questions about matters of which he had no information; whereupon the court said: ''I think this witness is dry. Bring another witness.'' What the court meant to say was, and it must have been so understood by the jury, that this witness had told what he knew about the transaction, and that the case should proceed by the introduction of another witness.

In the reply brief for appellant a good deal of comment is made upon the somewhat strenuous argument in the brief for the appellee; and the deduction is drawn that counsel for appellee in the trial court must have exceeded the bounds of legitimate argument there. If he did, the Bowman Company, if it desired his remarks reviewed here, should have made them a part of the record, accompanied by proper exception. This was not done. Likewise, objection is made because Moss testified that he had been offered $75.00 by the Bowman Company in settlement of his claim. He did so testify; but he testified without objection or exception by the defendant company.

Appellee also complains that the trial court erroneously sustained a motion to strike the third paragraph of its answer. That paragraph plead in substance that at the time when Moss was doing this work he was engaged as a newspaper reporter upon the papers in which the advertising matter was inserted; and that the newspapers had paid him for his work. If, as a matter of fact, the Bowman Company contracted to pay Moss for this work, it is no ground of defense by it that some other party, without arrangement by the Bowman Company, may have seen fit to pay him for it.

The fourth paragraph plead that the contract was contrary to public policy. Demurrer was sustained to it, and of this the appellant complains. Appellant argues that the insertion of the advertising matter was rather in the nature of news items than as advertising matter. We are not prepared to say that in this there was any impropriety; but if there were, it was an arrangement

which was understood as well by the Bowman Company as by Moss.

These are substantially all the matters complained of in the record. Being of opinion that the trial was fair and without any substantial error, the judgment is affirmed with damages.